...

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANNIE G. NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:19-CV-0686-L-BH |
| ) | |
| CITY OF DESOTO, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to yesfollow orders of the court.

### I. BACKGROUND

Dannie G. Neal (Plaintiff) initially filed this action for alleged discrimination in employment against the defendant on March 19, 2019, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) He was granted leave to proceed IFP, and the Court then sent him a questionnaire (MJQ) on March 22, 2019, to obtain more information about his claims. (*See* docs. 6, 7.) The questionnaire specifically advised Plaintiff that his answers to the questions were due within fourteen days, and that a failure to file his answers could result in the dismissal of his case. *Id.* More than fourteen days from the date of the questionnaire have passed, but Plaintiff has not filed his answers. He contends that the Court's questionnaire constitutes discovery for the defendant, and he has refused to answer the questions under oath at this time as ordered. (*See* doc. 11.)

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d

1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Because Plaintiff was allowed to proceed IFP, on March 22, 2019, the Court issued a questionnaire as provided by *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976), to obtain more information about his claims for purposes of the judicial screening required by statute, i.e., 28 U.S.C. § 1915(e)(2). (*See* doc. 7.) Plaintiff did not timely respond to the Court's questionnaire by April 4, 2019, as ordered. He has still not answered the questionnaire and has in fact refused to timely respond despite a warning that failure to do so could result in dismissal of the case. (*See* doc. 11.) Because Plaintiff failed to follow a court order, his case should be dismissed under Rule 41(b) for failure to follow orders.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow orders of the court, unless the plaintiff files his answers to the questionnaire within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 24th day of April, 2019.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE